

# The Attorney General of Texas

June 16, 1983

**JIM MATTOX**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201-4709
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002-6986
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Terral R. Smith
Chairman
Criminal Jurisprudence/State
  Affairs Committees
Texas House of Representatives
P. O. Box 2910
Austin, Texas   78769

Opinion No. JM-40

Re:  Interpretation of section 11.13(j) of the Tax Code relating to the acreage of a residence homestead entitled to tax exemption

Dear Representative Smith:

You ask whether the chief appraiser may exercise discretion to limit the acreage of a residence homestead entitled to tax exemption to less than the 20 acres referred to in the statute. Article VIII, section 1-b, of the Texas Constitution permits the legislature by general law to define "residence homestead" for purposes of ad valorem tax exemptions. The definition is set forth in section 11.13(j) of the Tax Code and provides that:

> For purposes of this section, 'residence homestead' means a structure (including a mobile home) or a separately secured and occupied portion of a structure (together with the land, <u>not to exceed 20 acres</u>, and improvements used in the residential occupancy of the structure, if the structure and the land and improvements have identical ownership) that:
>
> (1)  is owned by one or more individuals;
>
> (2)  is designed or adapted for human residence;
>
> (3)  is used as a residence; and
>
> (4)  is occupied as his principal residence by an owner who qualifies for the exemption. (Emphasis added).

You wish to know whether the underscored language permits the chief appraiser to accord homestead status to a parcel of less than 20 acres even though the landowner/taxpayer is actually residing on 20 acres or more. The answer is clearly "no." The clear terms of the

code require the chief appraiser to grant ad valorem tax exemption designation to any amount of land not to exceed 20 acres so long as that land is used in the residential occupancy of the structure receiving residence homestead designation.  He must refuse to grant such status to land which does not qualify in this way.

Section 11.45 of the Tax Code provides the following in pertinent part:

> (a)  The chief appraiser shall determine separately each applicant's right to an exemption. After considering the application and all relevant information, the chief appraiser shall, as the law and facts warrant:
>
> (1)  approve the application and allow the exemption;
>
> (2)  modify the exemption applied for and allow the exemption as modified;
>
> (3)  disapprove the application and request additional information from the applicant in support of the claim; or
>
> (4)  deny the application.
>
> . . . .
>
> (c)  The chief appraiser shall determine the validity of each application for exemption filed with him before he submits the appraisal records for review and determination of protests as provided by Chapter 41 of this code.  (Emphasis added).

The terms of the code clearly require the chief appraiser to determine separately each applicant's right to an exemption.  At no place in the code is the chief appraiser given the discretion to establish a minimum or maximum amount of acreage as the amount of land receiving the designation.  The chief appraiser must consider each application and determine the amount of acreage which is used in the residential occupancy of the structure receiving residence homestead designation, not to exceed 20 acres in amount, for each application.

### S U M M A R Y

A chief appraiser is not given the discretion to establish a minimum or maximum amount of acreage as the amount of land receiving

designation as a residence homestead for ad valorem tax purposes. The clear terms of sections 11.13 and 11.45 of the Tax Code require the chief appraiser to grant the designation to any amount of acreage not to exceed 20 acres so long as that land is used in the residential occupancy of the structure receiving residence homestead designation.

Very truly yours

JIM MATTOX
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

Prepared by Jim Moellinger
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
David Brooks
Rick Gilpin
Jim Moellinger
Nancy Sutton